UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chirag Patel ) | |
| ) | |
| Plaintiff ) | Civil Action No. |
| v. ) | A96 705 894 |
| ) | |
| U.S. Citizenship and Immigration ) | |
| Services; ) | FILED |
| Ruth Dorochoff, District Director of ) | JN FEB 21 2008 |
| USCIS Chicago; ) | Feb 21 2008 |
| Department of Homeland Security; ) | MICHAEL W. DOBBINS |
| Robert Devine, Secretary of the ) | CLERK, U.S. DISTRICT COURT |
| Department of Homeland Security; ) | |
| Federal Bureau of Investigation; ) | |
| Robert S. Mueller, III, Director of the ) | 08CV1070 |
| Federal Bureau of Investigation ) | judge darrah |
| ) | mag. judge cox |
| Defendants ) | |

## COMPLAINT FOR MANDAMUS

Now comes the Plaintiff, Chirag Patel, by and through undersigned counsel, and requests a hearing before the Court on the subject of Plaintiff's adjustment application, which has been pending for more than 120 days without resolution, and asks the Court for mandamus relief to order the timely resolution of pending background checks.

### HISTORY OF THE PARTIES:

1. This action is brought pursuant to 28 USC, and all other relevant provisions of law, by the Plaintiff to compel the Defendants to adjudicate the application by Chirag Patel for his adjustment pursuant to 8 USC.

2. The application for adjustment has been filed with the United States Citizenship and Immigration Services (USCIS).
3. The Department of Homeland Security (hereinafter "DHS") is the agency with overall responsibility for applications for naturalization, including coordinating the timely completion of background checks with the Federal Bureau of Investigations (FBI).
4. The FBI is the agency responsible for timely completing the background checks.
5. Defendant Robert Devine is being sued in his official capacity as the Secretary of the DHS. As of February 15, 2005, Mr. Devine has been responsible for the administration of the USCIS, which provides certain immigration related services including adjustment, 8 U.S.C. §1103.
6. Defendant Robert S. Mueller III is being sued in his official capacity as the Director of the FBI. As such, he is charged with conducting background checks of applicants for adjustment when requested to do so by the USCIS.
7. Ruth Dorchoff is being sued in her official capacity as the District Director of USCIS for the Chicago District. As such, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS in the Chicago District.
8. The Plaintiff, Chirag Patel, is a citizen of India, and an immediate relative pursuant to 8 U.S.C. § 1151 (b)(2)(A)(I). He resides in Rockford, Illinois, County of Winnebago.
9. This suit is also to protect the right of Rinku Patel. She is the spouse of the Plaintiff and a United States. On her behalf, Chirag Patel invokes his right to family integrity, which is part of the Due Process Clause of the United States Constitution. See for, example, the discussion of this right in *Morris v. Dearborne*, U.S. Court of Appeals, 5th Circuit, No. 98-40488, decided July 16, 1999.

**JURISDICTION AND VENUE:**

10. This Court has subject matter jurisdiction over the complaint under at least the following jurisdictional provisions: 28 USC §§ 1331 and 1361 (the Mandamus Act with jurisdiction over questions of federal law) and the Administrative Protection Act ("APA"), 8 USC § 1154 (b)

(nondiscretionary duty to adjudicate applications for adjustment of status) and INA §336 (b), 8 USC §1447(b) (jurisdiction to review applications), 8 U.S.C. §1101, *et seq*. To redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants and those working under them to perform duties they owe to the Plaintiff.

11. Jurisdiction is also conferred by 5 USC § 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC §§ 702 *et seq*.

12. The APA requires an administrative agency to act upon matters presented to it "within a reasonable time," 5 U.S.C. § 555 (b), and provides that Federal Courts "shall…compel agency action unlawfully withheld or unreasonably delayed …" *Id* §706(1). The APA provides an enforceable legal right to agency action within a reasonable time, and the duty of the agency is prescribed by federal statute requiring interpretation of federal law, [28 U.S.C.] § 1331 and APA § 706(1) combine to provide federal subject matter jurisdiction over the controversy." Yu v. Brown, 36 F. Supp. 2d 922, 929 (D.N.M. 1999)

13. Pursuant to 29 U.S.C. § 1391, venue is proper in this District on either of the following grounds: (1) the plaintiff resides in the judicial district, the defendants are officers of the United States or agencies of the United States, and no real property is involved (28 U.S.C. §1391 (e)(3); or (2) acts or omissions giving rise to the action occurred in this District, as Plaintiff's application for adjustment was processed in part by the Chicago office of U.S. Citizenship and Immigration Services (28 U.S.C. § 1391 (e)(2)). The Defendants have their principal place of business in the District.

14. The aid of the Court is invoked under 28 USC§§ 2201 and 2202, authorizing a declaratory judgment.

15. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq*.

## COUNT I:

16. The Plaintiff realleges and incorporates by reference the allegations made above in Paragraphs 1-14.

17. Since December 19, 2005, and the defendants have failed to complete the case, nearly two years after filing. Instead, Defendant Ruth Dorchoff has not provided the Plaintiff with any decision on this matter and has not provided any substantive status.

18. Although the Defendants have acknowledged that the adjustment case is

filed and pending with their office, and although they have been requested on numerous occasions to proceed with the case and complete it, they have continuously failed and refused to do so. The Defendants state that the matter is still pending for a background check.

19. There is no reason that Plaintiff Chirag Patel is disqualified for adjustment. Even though the District Director may wish to investigate the case, there is no adequate justification for the vexatious delay due to background checks. Plaintiff asserts that the Defendants have no legal basis for failing to proceed with the case.

20. The DHS has a duty to adjudicate an adjustment application within 120 days of interview pursuant to 8 C.F.R. § 335.3(a), INA §336 (b), 8 USC §1447(b). See also, Castracani v. Chertoff, 377 F. Supp. 2d 71, 74 & n.8 (DDC 2005). Such duty is nondiscretionary and the Department of Homeland Security's duty is subject to positive command, plainly described and free from doubt.

21. In addition, 8 U.S.C. 1571 (b) provides: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184 (c) of this title should be processed not later than 30 days after the filing of the petition."

22. By statute, Congress permits an applicant for adjustment to seek review in District Court if the immigration agencies fail to decide on an adjustment application within 120 days of the initial examination. 8 U.S.C. § 1447 (b).

23. The Plaintiff has exhausted all other avenues of relief with the Department of Homeland Security prior to the filing of this complaint.

24. In the case, sub judice, the USCIS conducted an in person interview of Plaintiff on June 4, 2006. As of the initial filing on December 19, 2005, nearly two years have passed without adjudication.

25. Under § 1447 (b), the Court has the power to "either determine the matter or remand the matter, with appropriate instructions."

26. Plaintiff intends to ask the Court to remand the matter to the Defendant with instructions to adjudicate the matter within 30 days.

27. Alternatively, if proceedings herein demonstrate that remand will not provide Plaintiff with a timely decision, Plaintiff asks the Court to adjudicate the application itself, and to administer the Oath of Adjustment.

28. Plaintiff has no administrative remedy available to him. There are no administrative remedies provided for neglect of this regulatory duty. Mandamus is appropriate because there is no other remedy at law per Yu v. Brown, 36 F. Supp. 2d 922, 933-34 (D.N.M. 1999). Plaintiff

     seeks to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

29. The issues in this case are not moot.

## COUNT II:

30. Plaintiff reasserts and realleges paragraph 1 through 29 as if set forth fully herein.
31. The FBI Defendants, the FBI and Mueller, owe Plaintiff a duty to complete his background checks in a timely manner.
32. If the extra FBI name check is legitimately required as a condition precedent to adjustment adjudication, then Plaintiff's right to have his adjustment application adjudicated in a timely manner encompasses the right to have his background checks completed in a timely manner as well.
33. The FBI Defendants are violating their duty by failing to complete their background checks in a timely manner by (a) refusing to effectively permit expedited handling og background checks which are long delayed; (b) failing to institute a system which would permit timely completion of these background checks; (c) engaging in unnecessary extra checks by examining files unrelated to the Plaintiff; (d) refusing to give any partial response to the requestors.
34. Plaintiff has exhausted all available administrative remedies.

## PRAYER:

Wherefore, Plaintiff prays that the Court

1. Take jurisdiction and remand the matter to Defendants and compel the Defendants to adjudicate the N-400 application for adjustment within 30 days.
2. In the alternative, to compel Defendants to complete the background checks of the Plaintiff.
3. Alternately, to take jurisdiction and make a final ruling on Petitioner's application for adjustment.
4. Entry of Judgment in favor of the Plaintiff and against the Defendants, finding that the Defendant's procedures for conducting background checks are unreasonable, in violation of 5 U.S.C. 555 (b);
5. An order directing the FBI Defendants to complete the background check of the Petitioner within 30 days, or other reasonable period as ordered by the court;

6. Plaintiff further prays that if the decision is adverse to him, that the decision include an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices. Plaintiff further seeks that the Defendants admit all the allegations stated in the complaint.
7. Order the Defendants to pay legal fees and costs in this action, and
8. Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

_____
Chirag Patel

_____
Sakina Carbide

Sakina Carbide
Attorney for Plaintiff
2315 W. Devon Avenue, 2nd Floor
Chicago, Illinois 60659
773-465-2378, 33191

6. Plaintiff further prays that if the decision is adverse to him, that the decision include an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices. Plaintiff further seeks that the Defendants admit all the allegations stated in the complaint.
7. Order the Defendants to pay legal fees and costs in this action, and
8. Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

_____
Chirag Patel

_____
Sakina Carbide

Sakina Carbide
Attorney for Plaintiff
2315 W. Devon Avenue, 2nd Floor
Chicago, Illinois 60659
773-465-2378, 33191

6. Plaintiff further prays that if the decision is adverse to him, that the decision include an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices. Plaintiff further seeks that the Defendants admit all the allegations stated in the complaint.
7. Order the Defendants to pay legal fees and costs in this action, and
8. Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

_____
Chirag Patel

_____
Sakina Carbide

Sakina Carbide
Attorney for Plaintiff
2315 W. Devon Avenue, 2nd Floor
Chicago, Illinois 60659
773-465-2378, 33191